NEBRASKA DEPARTMENT OF HEALTH AND HUMAN SERVICES, APPELLEE, V. MICHAEL STRUSS, APPELLANT.

623 N.W. 2d 308

Filed March 23, 2001.   No. S-99-1088.

Lynnette Z. Boyle, of Tietjen, Simon & Boyle, for appellant.

Don Stenberg, Attorney General, Donald J.B. Miller, Douglas D. Dexter, and Terri M. Weeks for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.
## NATURE OF CASE
Michael Struss was employed by the Nebraska Department of Health and Human Services (the Department) at the Hastings Regional Center. His employment was governed by a collective bargaining agreement which provided a grievance procedure for employment disputes. Struss was put on probation, and later, his employment was terminated. He filed two grievances, a probation grievance and a termination grievance, both of which proceeded through arbitration and eventually were considered by the district court for Lancaster County.

The district court made separate rulings regarding the probation grievance and the termination grievance. Struss appeals that portion of the order of the district court with respect to the termination grievance, which order vacated the award of the arbitrator and directed a rehearing of the termination grievance before a new arbitrator. Neither party appeals the portion of the district court's order which confirmed the award with respect to

the probation grievance. In response to Struss' appeal, the Department argues, inter alia, that this court does not have jurisdiction over this appeal under Neb. Rev. Stat. § 25-2620 (Reissue 1995). For the reasons recited below, we dismiss Struss' appeal for lack of appellate jurisdiction.

## STATEMENT OF FACTS

Struss was employed by the Department at the Hastings Regional Center. The terms and conditions of Struss' employment were governed by a collective bargaining agreement (the Contract) which had been negotiated between the Department and the Nebraska Association of Public Employees, American Federation of State, County, and Municipal Employees Local 61, which was the exclusive bargaining agent for the bargaining unit of which Struss was a member. The Contract governed, inter alia, the procedure to be utilized in grievance matters. The arbitrator in this case determined that the 1997-99 collective bargaining agreement governed procedural grievance matters. The 1997-99 collective bargaining agreement became effective July 1, 1997, and covered the period from July 1, 1997, through June 30, 1999, which was subsequent to the June 11, 1997, effective date of Neb. Rev. Stat. § 25-2602.01 (Cum. Supp. 2000). Compare *Millennium Solutions v. Davis*, 258 Neb. 293, 603 N.W.2d 406 (1999).

On June 2, 1997, the Department placed Struss on disciplinary probation for a period of 6 months. On June 4, Struss filed a grievance with respect to the probation. On October 8, while the grievance process with respect to the probation grievance was underway, the Department terminated Struss' employment. Struss filed a separate grievance with respect to the termination of employment.

The grievance procedure under the Contract consisted of a multistep process, the third step of which allowed the parties to mutually agree to submit the dispute to voluntary binding arbitration as an alternative to submitting the dispute to the State Personnel Board. The Contract provided that "[w]ithin fifteen workdays of receipt of the decision in Step 2 the grievant [in this case, Struss] may appeal said decision through the Chief Negotiator, DAS - Employee Relations Division."

Struss' probation grievance was denied at step two. The step two denial of the probation grievance was appealed to the step three level, and the dispute was submitted to arbitration on November 2, 1997. Struss' termination grievance was also denied at step two. The step two decision in the termination grievance, dated November 25, 1997, was received by Struss on December 3 and was appealed on February 19, 1998.

On February 6, 1998, in connection with the probation grievance appeal, the Department filed a motion to dismiss the probation grievance on the basis that Struss had failed to appeal the step two decision in his termination grievance, thereby rendering moot the remedies Struss sought in the probation grievance. The parties subsequently selected an arbitrator, and the motion was submitted to him. As noted, on February 19, Struss filed an appeal of the step two denial of the termination grievance. The Department filed a motion to dismiss the appeal of the termination grievance on the basis that it had been filed late. Following a telephone hearing, the arbitrator overruled both of the Department's motions to dismiss.

The arbitrator granted a motion for a consolidated hearing of both the probation grievance and the termination grievance. The Department renewed both motions to dismiss and continued to renew the motions throughout the arbitration proceedings, which included four hearings conducted between October 17 and December 3, 1998. The arbitrator decided that he had jurisdiction over both grievances, agreed with Struss on the merits, and ultimately upheld both of Struss' grievances in a decision issued on April 13, 1999, and supplemented on April 17. As an award, the arbitrator ordered that the Department reinstate Struss to his former position with backpay, but because of misconduct on Struss' part in connection with the disciplinary action, the arbitrator ordered that Struss be placed on probation for a period of 6 months from the date of reinstatement.

On May 24, 1999, the Department filed a motion pursuant to Neb. Rev. Stat. § 25-2613 (Cum. Supp. 2000) in the district court for Lancaster County to vacate the arbitrator's award. The Department alleged that pursuant to § 25-2613(a)(3), the arbitrator exceeded his power when he exercised jurisdiction over

the appeal of the termination grievance which had been untimely filed. The Department requested that the arbitrator's award be vacated and that the district court order a rehearing before a new arbitrator pursuant to § 25-2613(c). On June 16, Struss objected to the Department's motion to vacate and filed a cross-motion requesting that the district court confirm the consolidated award of the arbitrator. Struss claimed that the Contract's language with respect to appealing a step two decision within 15 workdays was not mandatory.

On July 22, 1999, the district court entered an order specifically vacating the award with respect to the termination grievance and directing that the matter be remanded for a rehearing before a new arbitrator. The district court found that the step three appeal in the termination grievance was not timely filed, but nevertheless ordered the rehearing "to allow [Struss] to present evidence which may justify the failure to file the step 3 grievance in a timely manner" and thereby establish just cause to excuse the delay. The district court further taxed the costs of the proceedings to Struss.

On August 3, 1999, Struss moved the district court to clarify the July 22 order by (1) confirming the portion of the arbitrator's award which upheld his probation grievance and (2) clarifying whether, if the new arbitrator found evidence to justify the failure to timely appeal the termination grievance, the first arbitrator's award on the merits would then be confirmed or whether a new trial on the merits of the termination grievance would be conducted. In response to the motion to clarify, the district court entered an order on August 13 amending the July 22 order to include language confirming the award of the arbitrator with respect to the probation grievance.

On August 17, 1999, Struss filed notice of his intent to appeal the order dated July 22, 1999, and the supplemental order thereto dated August 13, 1999. On appeal, Struss assigns error only to that portion of the order pertaining to the termination grievance which vacated the arbitrator's award and directed a rehearing before a new arbitrator. Struss does not assign error to the order with respect to the probation grievance, and the Department did not cross-appeal such order.

## ASSIGNMENTS OF ERROR

Struss asserts, restated, that the district court erred in vacating rather than confirming the award of the arbitrator in the termination grievance and further erred in directing a rehearing before a new arbitrator. The Department has raised an issue regarding the jurisdiction of this court to hear the appeal.

## STANDARDS OF REVIEW

The question of jurisdiction is a question of law. *In re Appeal of Stoller, ante* p. 150, 622 N.W.2d 878 (2001). On questions of law, an appellate court has an obligation to reach its own independent conclusions. *Id.*

Statutory interpretation presents a question of law, in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *Tilt-Up Concrete v. Star City/Federal, ante* p. 64, 621 N.W.2d 502 (2001).

## ANALYSIS

Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *In re Appeal of Stoller, supra*; *State ex rel. Lamm v. Nebraska Bd. of Pardons*, 260 Neb. 1000, 620 N.W.2d 763 (2001).

Jurisdiction is vested in an appellate court through the state Constitution and the Legislature. See, Neb. Const. art. V, § 2, and Neb. Rev. Stat. § 24-204 (Reissue 1995); *State v. Campbell*, 260 Neb. 1021, 620 N.W.2d 750 (2001).

Neb. Const. art. V, § 2, provides that this court shall have "such appellate jurisdiction as may be provided by law." We have held that, except in those cases wherein original jurisdiction is specially conferred by Neb. Const. art. V, § 2, this court exercises appellate jurisdiction, and such appellate jurisdiction can be conferred only in the manner provided by statute. *State v. Reeves*, 258 Neb. 511, 604 N.W.2d 151 (2000). Section 24-204 provides that this court

> shall have appellate and final jurisdiction of all matters of appeal and proceedings in error which may be taken from the judgments or decrees of other courts in all matters of

law, fact, or equity when the rules of law or the principles of equity appear from the files, exhibits, or records of the court to have been erroneously determined.

In connection with the instant case involving the appeal of an arbitration case from a lower court limited to intrastate matters, § 25-2620, which is a section of the Uniform Arbitration Act enacted in Nebraska, defines the "matters of appeal and proceedings in error which may be taken from the judgments or decrees of other courts," see § 24-204, with respect to arbitration proceedings, and § 25-2620 limits appeals to those orders specifically listed. Jurisdictional statutes are to be strictly construed, *Creighton St. Joseph Hosp. v. Tax Eq. & Rev. Comm.*, 260 Neb. 905, 620 N.W.2d 90 (2000), and this court therefore lacks appellate jurisdiction over orders relating to arbitration matters such as the instant case other than those listed in § 25-2620. For the reasons stated below, we conclude that this court lacks jurisdiction to hear this appeal under § 25-2620.

Before the instant appeal was moved to this court's docket, the Department filed a motion for summary dismissal, which Struss opposed. The Nebraska Court of Appeals overruled the Department's motion for summary dismissal. The basis of the Department's motion for summary dismissal was that the district court's order was not appealable under § 25-2620. Section 25-2620 provides in relevant part that in arbitration cases, an appeal from the lower court may be taken from "[a]n order confirming or denying confirmation of an award," § 25-2620(a)(3), or "[a]n order vacating an award *without directing a rehearing*," § 25-2620(a)(5). (Emphasis supplied.)

In the instant case, the district court entered two orders: one relating to the probation grievance which confirmed the arbitrator's award and one relating to the termination grievance which vacated the arbitrator's award and directed a rehearing before a new arbitrator. Neither party appeals the district court's order confirming the arbitrator's award pertaining to the probation grievance. Struss appeals only the order which vacated the award in the termination grievance and directed a rehearing.

In connection with its jurisdictional challenge, the Department argues that § 25-2620(a)(5) does not allow an appeal where an award has been vacated and a rehearing

ordered. Struss argues in response that the vacation of the termination grievance award and remand for rehearing by the district court were effectively a denial of his motion to confirm the award pertaining to the termination grievance and, therefore, appealable as an order denying confirmation under § 25-2620(a)(3). We reject Struss' argument.

■ In the absence of anything to the contrary, statutory language is to be given its plain and ordinary meaning; an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. *In re Referral of Lower Platte South NRD, ante* p. 90, 621 N.W.2d 299 (2001).

The language of § 25-2620(a)(5) states that "[a]n order vacating an award *without directing a rehearing*" may be appealed. This language explicitly indicates that an order which vacates an award but does not direct a rehearing is appealable and implies that an order which vacates an award but does direct a rehearing is not appealable. The obvious purpose of § 25-2620 is to identify orders relating to arbitration which are final and appealable. The reasonable construction of § 25-2620(a)(3) and (5) is that a lower court's order which confirms or denies an arbitration award or vacates an arbitration award without directing a rehearing finally terminates the arbitration process and thus renders such order suitable for review, whereas an order which directs a rehearing is premature for appellate review because the arbitration process has not been completed.

■ A court must attempt to give effect to all parts of a statute, and if it can be avoided, no word, clause, or sentence will be rejected as superfluous or meaningless; it is not within the province of a court to read anything plain, direct, and unambiguous out of a statute. *In re Estate of Tvrz*, 260 Neb. 991, 620 N.W.2d 757 (2001). The language "without directing a rehearing" in § 25-2620(a)(5) which qualifies an order which vacates an award is meaningful and not superfluous. Clearly, an order which vacates an award "without directing a rehearing" concludes the matter and is therefore appealable, whereas an order which vacates an award and directs a rehearing requires that further arbitration proceedings be conducted to finally determine the rights of the parties and is not final or appealable. Thus, we

read § 25-2620(a)(5) to mean that an order which vacates an award without directing a rehearing is appealable, whereas an order which vacates an award and directs a rehearing is not appealable. Because Struss' challenge is to a lower court order of the latter type, the order in the instant case is not appealable.

Our construction of § 25-2620(a)(5) is comparable to the construction placed on statutes in other states with arbitration statutes similar to those in Nebraska and derived from the Uniform Arbitration Act. See, e.g., *Stolhandske v. Stern*, 14 S.W.3d 810 (Tex. App. 2000); *Prudential Securities, Inc. v. Vondergoltz*, 14 S.W.3d 329 (Tex. App. 2000); *Kowler Associates v. Ross*, 544 N.W.2d 800 (Minn. App. 1996); *Dept. of Transp. v. State Employ. Ass'n*, 581 A.2d 813 (Me. 1990); *Carner v. Freeman*, 175 So. 2d 70 (Fla. App. 1965). See, similarly, *Airports Com'n v. Airports Police Fed.*, 443 N.W.2d 519, 523 (Minn. 1989) (holding that even though appellant was not entitled to appellate review of order vacating award and directing rehearing " 'as of right,' " the Minnesota Constitution gave the Minnesota Supreme Court "independent power to review any case").

Notwithstanding the district court's order vacating the termination grievance award and directing a rehearing, Struss nevertheless argues that the district court's order in this case is appealable because the order implicitly denied confirmation of the termination grievance award, and orders denying confirmation are appealable under § 25-2620(a)(3). In this regard, we note that the district court's order states that the award is vacated and orders a rehearing before a new arbitrator; the district court's order does not explicitly deny Struss' motion to confirm the award.

In *Kowler Associates v. Ross, supra*, the Minnesota Court of Appeals rejected an argument similar to that advanced by Struss. The order in *Kowler Associates* differed from the order in the instant case, however, in that in addition to vacating the award and directing a rehearing, the trial court's order in *Kowler Associates* explicitly denied confirmation of the award, whereas the district court's order in the instant case did not deny confirmation. The Minnesota Court of Appeals cited *Airports Com'n v. Airports Police Fed., supra*, for the proposition that an order vacating an award but directing a rehearing is not appealable

under the Minnesota statute. The Minnesota Court of Appeals rejected the appellant's argument and reasoned that if an order vacating and remanding for rehearing were construed as an order denying confirmation, the subsection of the statute providing for the appealability of "an order vacating an award *without directing a rehearing," Kowler Associates v. Ross*, 544 N.W.2d at 801, would be of no effect, and an order vacating an award, with or without a rehearing, would always be appealable. The Minnesota Court of Appeals stated that "when a rehearing is directed, appellate review is premature because the arbitration process has not been completed." *Id.* at 802.

In recent cases addressing the issue, the Texas Court of Appeals agreed with the Minnesota Court of Appeals' holding in *Kowler Associates v. Ross, supra. Prudential Securities, Inc. v. Vondergoltz, supra; Stolhandske v. Stern, supra.* In *Prudential Securities, Inc.*, the lower court denied an application to confirm, granted an application to vacate, and ordered rehearing. The Texas Court of Appeals agreed with the reasoning of the Minnesota Court of Appeals in *Kowler Associates* that to allow appeal of a denial of confirmation when a rehearing has also been ordered would render the statutory language "without directing a rehearing," *Stolhandske v. Stern*, 14 S.W.3d at 331 n.2, without effect. In *Stolhandske*, as in the case before us, the lower court vacated the arbitration award and ordered a new arbitration but did not rule on a motion to confirm the award. The Texas Court of Appeals noted that "[t]he vacating of an arbitration award does not automatically deny a motion to confirm, but renders the consideration of an application to confirm moot." *Stolhandske v. Stern*, 14 S.W.2d 810, 815 (Tex. App. 2000). Compare, *National Ave. Bldg. Co. v. Stewart*, 910 S.W.2d 334, 341 (Mo. App. 1995) (holding appealable order which explicitly denied confirmation, vacated award, and directed rehearing but stating that "[w]e do not imply the order would have been appealable absent the provision denying confirmation"); *Air Shield Remodelers, Inc. v. Biggs*, 969 S.W.2d 315 (Mo. App. 1998).

We agree with the reasoning of the Minnesota Court of Appeals and the Texas Court of Appeals that to construe an

order vacating an award and directing rehearing as an appealable denial of confirmation would render the effect of the statutory language "without directing a rehearing" meaningless. In the instant case, the district court vacated the award relating to the termination grievance, ordered a rehearing, and did not explicitly deny confirmation of the award. We reject Struss' argument that the district court's vacation of the award with a direction for a rehearing was an appealable denial of his motion to confirm the award.

## CONCLUSION

In this case, § 25-2620 does not allow an appeal from a lower court's order vacating an award of an arbitrator and directing a rehearing. Accordingly, we dismiss this appeal for lack of jurisdiction.

APPEAL DISMISSED.