LAW LIBRARY

**FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

---o0o---

In the Matter of the Grievance Arbitration Between,

STATE OF HAWAII ORGANIZATION OF POLICE OFFICERS (SHOPO),
exclusive representative for Bargaining Unit 12, Police,
on behalf of SHELLY L. RODRIGUES, JAMES A. RODRIGUEZ, and
SHANE Y. SOKEI, Grievants-Appellants,

v.

COUNTY OF KAUAI, and KAUAI POLICE DEPARTMENT,
Employer-Appellee.

No. 30030

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(S.P. NO. 09-1-0031)

March 19, 2010

NAKAMURA, C.J., FOLEY and FUJISE, JJ.

ORDER DISMISSING APPEAL
FOR LACK OF APPELLATE JURISDICTION

Per Curiam.  In an appeal arising out of an arbitration
matter, Grievants-Appellants State of Hawaii Organization of
Police Officers (SHOPO), exclusive representative for Bargaining
Unit 12, Police, on behalf of Shelly L. Rodrigues, James A.
Rodrigues, and Shane Y. Sokei, (Appellant SHOPO) have asserted an
appeal from the Honorable Kathleen N. A. Watanabe's August 6,
2009 order denying Appellant SHOPO's motion to confirm an
arbitration award against Employer-Appellee County of Kauai and
Kauai Police Department (Appellee Kauai County).  Appellee Kauai
County contests our appellate jurisdiction over this matter,

because the Honorable Kathleen N. A. Watanabe also entered an August 6, 2009 order that granted in part and denied in part Appellee Kauai County's counter-motion to vacate the arbitration award and remanded this matter to the arbitrator with instructions to rehear the issue of what remedy is appropriate. Based on the remand instructions in the August 6, 2009 order granting in part and denying in part Appellee Kauai County's counter-motion to vacate the arbitration award, Appellee Kauai County asserts that the appealed order, i.e., the August 6, 2009 order denying Appellant SHOPO's motion to confirm the arbitration award, lacks the necessary finality for the purpose of invoking our appellate jurisdiction pursuant to Hawai‘i Revised Statutes (HRS) § 658A-28(a) (Supp. 2008).

> The supreme court has acknowledged
>
> the well-settled principle that appellate courts have an independent obligation to insure they have jurisdiction to hear and determine each case. . . . This duty arises from the equally well-settled rule that the legislature may define and limit the right of appeal because the remedy of appeal is not a common law right and it exists only by authority of statutory or constitutional provisions.

Hui Kako‘o Aina Ho‘opulapulapula v. Bd. of Land & Natural Res., 112 Hawai‘i 28, 38-39, 143 P.3d 1230, 1240-42 (2006) (citations, internal quotation marks and brackets omitted). HRS § 658A-28(a)(3) authorizes an appeal from an order that either confirms or denies an arbitration award:

> § 658A-28. Appeals.
>
> (a) An appeal may be taken from:
>
> > (1) An order denying a motion to compel arbitration;
> >
> > (2) An order granting a motion to stay arbitration;
> >
> > (3) An order confirming or denying confirmation of an award;
> >
> > (4) An order modifying or correcting an award;
> >
> > (5) An order vacating an award without directing a rehearing; or

2

> (6)     A final judgment entered pursuant to this
>         chapter.
>
> (b)  An appeal under this section shall be taken as from an
> order or a judgment in a civil action.

HRS § 658A-28 (emphases added).  However, the language in HRS § 658A-28(a)(5) appears to preclude appellate jurisdiction when a circuit court directs a rehearing, because HRS § 658A-28(a)(5) authorizes an appeal from an order vacating an arbitration award only when such an order does so "without directing a rehearing[.]"  HRS § 658A-28(a)(5).

An appealable order is generally "an order ending the proceedings, leaving nothing further to be accomplished." Familian Northwest, Inc. v. Cent. Pacific Boiler & Piping, Ltd., 68 Haw. 368, 370, 714 P.2d 936, 937 (1986) (citations and internal quotation marks omitted).  "[A]n order is not final if the rights of a party involved remain undetermined or if the matter is retained for further action."  Cho v. State, 115 Hawai'i 373, 383, 382, 168 P.3d 17, 27 (2007) (citation and internal quotation marks omitted).  Although one August 6, 2009 order denies confirmation of the arbitration award, the other August 6, 2009 order directs the arbitrator to rehear the remedy issue and possibly modify the remedy for the prevailing party in the arbitration.  In light of the existence of these two orders, it appears that the August 6, 2009 order denying confirmation of the arbitration award lacks finality because (a) it does not end the proceedings, (b) the rights of the parties remain undetermined, and (c) on remand, the arbitrator will have retained this matter for further action, namely a rehearing regarding the appropriate remedy.

HRS § 658A-28 is part of a Uniform Arbitration Act (UAA) that the Hawai'i Legislature adopted in 2001.  See 2001 Haw. Sess. Laws Act 265 § 1.  Appellate courts in a majority of

jurisdictions that have adopted the UAA and have addressed the issue of appellate jurisdiction under the circumstances of this case have held that appellate jurisdiction was lacking. Karcher Firestopping v. Meadow Valley Contractors, Inc., 204 P.3d 1262 (Nev. 2009) (citing cases holding the appellate court lacked jurisdiction over the appeal).

Similar to HRS § 658A-28(a)(3), the corresponding section of Nevada's version of the UAA, "NRS 38.247(1)(c)[,] provides that an appeal may be taken from an order confirming or denying confirmation of an arbitration award." Karcher Firestopping, 204 P.3d at 1263 (internal quotation marks and brackets omitted). Similar to HRS § 658A-28(a)(5), Nevada's corresponding statute, "NRS 38.247(1)(e)[,] provides that an appeal may be taken from an order vacating an arbitration award without directing a rehearing." Karcher Firestopping, 204 P.3d at 1263 (internal quotation marks, brackets and footnote omitted). Confronted with an appeal in a case involving the same two orders as the instant case, the Supreme Court of Nevada summarized the existing majority and minority views as follows:

> Decisions concluding that no jurisdiction exists
>
> The majority of courts that have considered this jurisdictional issue regarding orders that deny confirmation of an arbitration award and also vacate the award while directing rehearing have determined that such orders are not appealable. See Connerton, Ray & Simon v. Simon, 791 A.2d 86 (D.C. Cir.2002); Kowler Associates v. Ross, 544 N.W.2d 800 (Minn. Ct. App.1996); Thrivent Financial for Lutherans v. Brock, 251 S.W.3d 621 (Tex. App. 2007); Prudential Securities, Inc. v. Vondergoltz, 14 S.W.3d 329 (Tex. App. 2000). The primary approach taken by courts concluding that such orders are not appealable is to focus on the plain language of their statute providing that orders vacating an arbitration award without directing a rehearing are appealable. See, e.g., Simon, 791 A.2d at 87-88 (interpreting a statute that provides for appeals from orders "confirming or denying confirmation of an arbitration award" and orders "vacating an award without directing a rehearing"); Ross, 544 N.W.2d at 801-02 (same); Vondergoltz, 14 S.W.3d at 330-31 (same). Because these statutes provide for appeals only from orders vacating arbitration awards that do not also direct a rehearing, these courts concluded

that the plain language of the statutes provide that orders vacating an award and directing a rehearing cannot be appealed. See Simon, 791 A.2d at 87-88; Ross, 544 N.W.2d at 801; Vondergoltz, 14 S.W.3d at 331.

Relying on this conclusion, these courts have held that the addition of a ruling denying a motion to confirm the award to an order vacating the award and directing a rehearing does not render that order appealable even though the denial of a motion to confirm an arbitration award is independently appealable under their applicable statutes. Simon, 791 A.2d at 88; Ross, 544 N.W.2d at 801-02; Vondergoltz, 14 S.W.3d at 331. The rationale behind this conclusion is that allowing such orders to be appealed simply because a portion of the order denies confirmation of an arbitration award renders the "without directing a rehearing" language of these states' versions of NRS 38.247(1)(e) superfluous. See Simon, 791 A.2d at 87-88; Ross, 544 N.W.2d at 801; Vondergoltz, 14 S.W.3d at 331. Thus, in order to give full effect to each of the statutory provisions governing appeals from arbitration-related orders, these courts concluded that orders vacating an arbitration award while directing rehearing, and that also deny confirmation of the award, may not be appealed.

Several courts have further concluded that the uniform language set forth in their version of NRS 38.247(1), when read as a whole, implicitly contains a policy choice of permitting appellate review only when there is a sufficient degree of finality to the arbitration proceedings. See Simon, 791 A.2d at 88; Ross, 544 N.W.2d at 802; Thrivent Financial for Lutherans v. Brock, 251 S.W.3d 621, 622, 627 (Tex. App. 2007) (interpreting a statute that provides for appeals from orders "confirming or denying confirmation of an award" and orders "vacating an award without directing a rehearing"); see also Dept. of Transp. v. State Employ. Ass'n, 581 A.2d 813, 814-15 (Me. 1990) (same, and determining that the court lacked jurisdiction to consider an order that vacated an arbitration award and directed rehearing but discussing in dicta an approach to an order similar to the one at issue here); Nebraska Dept. of Health v. Struss, 261 Neb. 435, 623 N.W.2d 308, 313-14 (2001) (interpreting a statute that provides for appeals from orders "confirming or denying confirmation of an award" and orders "vacating an award without directing a rehearing," and concluding that the court lacked jurisdiction over an appeal that challenged an order vacating an award and directing rehearing). Indeed, the Nebraska Supreme Court commented in Struss that the purpose of Nebraska's version of NRS 38.247(1) is to distinguish between orders that conclude the arbitration process, and are thus suitable for appellate review, and those that do not conclude the arbitration process, rendering appellate review premature. 623 N.W.2d at 314-15.

<u>Decisions concluding that jurisdiction exists</u>

Only two courts have interpreted language similar to that of NRS 38.247(1) as permitting appellate jurisdiction over orders that both deny confirmation of an arbitration award and vacate the award while directing rehearing. <u>National Ave. Bldg. Co. v. Stewart</u>, 910 S.W.2d 334, 337-41 (Mo. Ct. App. 1995) (interpreting a statute that provides for appeals from orders "confirming or denying confirmation of an award" and orders "vacating an award without directing a rehearing"); <u>Werline v. East Texas Salt Water Disp. Co.</u>, 209 S.W.3d 888, 893-96 (Tex. App. 2006) (same). In reaching this result, these courts emphasize the fact that their version of NRS 38.247(1)(c) expressly permits appeals from orders denying confirmation of an arbitration award. <u>Stewart</u>, 910 S.W.2d at 340-41; <u>Werline</u>, 209 S.W.3d at 895-96. Additionally, the <u>Stewart</u> court also noted that no subsection of the applicable statutes explicitly acts to bar the appealability of an order made appealable under another subsection when that order also contains a ruling that would not otherwise be independently appealable. 910 S.W.2d at 341. In <u>Stewart</u>, the court further noted that if their state's legislature had intended an order, such as the one at issue here, not to be appealable, it would have added the qualifier "without directing a rehearing" to their statute providing for appeals from orders denying confirmation of an award. <u>Id.</u> at 341. Emphasis is also placed on the conclusion that interpreting the language of their versions of NRS 38.247(1) as not allowing appeals from orders that deny confirmation and vacate the award while directing rehearing could allow the arbitration process to continue indefinitely. <u>Stewart</u>, 910 S.W.2d at 340; <u>Werline</u>, 209 S.W.3d at 896. Further, the <u>Werline</u> court asserted that not reading Texas's version of NRS 38.247(1)(c) as allowing an appeal from an order that both denies confirmation and vacates the award while directing rehearing renders the second half of subsection (c), which authorizes appeals from orders denying confirmation, almost meaningless. 209 S.W.3d at 895. The <u>Werline</u> court based this conclusion on its belief that if such orders could not be appealed, appellate jurisdiction would only exist "in the rare situation when the trial court denies a motion to confirm, but fails to vacate the award." <u>Id.</u>

<u>Karcher Firestopping</u>, 204 P.3d at 1264-65 (footnote omitted).

The Supreme Court of Nevada followed the majority of jurisdictions and concluded that appellate jurisdiction under the Nevada equivalent of HRS § 658A-28 was lacking under these circumstances:

Having reviewed these alternative interpretations of analogous versions of NRS 38.247(1), we find the decisions concluding that appellate courts lack jurisdiction to review orders denying confirmation of an arbitration award and vacating the award while directing a rehearing better

reasoned and more persuasive. In particular, we agree with the various courts that have concluded that the plain language of their version of NRS 38.247(1)(e), which provides for an appeal from orders vacating an arbitration award without directing a rehearing, bars appellate review of orders vacating an award while directing a rehearing, even if the order also denies confirmation of the award, which, on its own, would be appealable under a statute analogous to NRS 38.247(1)(c). See, e.g., Connerton, Ray & Simon v. Simon, 791 A.2d 86, 87-88 (D.C. Cir. 2002); Kowler Associates v. Ross, 544 N.W.2d 800, 801-02 (Minn. Ct. App.1996); Prudential Securities, Inc. v. Vondergoltz, 14 S.W.3d 329, 331 (Tex. App. 2000). As noted in these decisions, because in this matter the district court directed a rehearing, permitting appellate review at this point would render NRS 38.247(1)(e)'s "without directing a rehearing" language superfluous.

Further, we agree with the conclusion reached by several courts that the statutory structure providing for appeals from arbitration-related orders, when read as a whole, is designed to permit appeals only from orders that bring an element of finality to the arbitration process. See Simon, 791 A.2d at 88; Dept. of Transp. v. State Employ. Ass'n, 581 A.2d 813, 814-15 (Me. 1990); Nebraska Dept. of Health v. Struss, 261 Neb. 435, 623 N.W.2d 308, 314 (2001); Thrivent Financial for Lutherans v. Brock, 251 S.W.3d 621, 627 (Tex. App. 2007). Here, the district court's order vacating the arbitration award and remanding for supplemental proceedings extended, rather than concluded, the arbitration process, and has not been identified by NRS 38.247(1) as sufficiently final to be suitable for appellate review. Accordingly, finding no statutory basis for an appeal from the district court order, we conclude that this court lacks jurisdiction over this appeal.

CONCLUSION

After reviewing the plain text of NRS 38.247(1)(e), as well as the implicit policy contained in NRS 38.247(1) favoring finality of the arbitration proceedings prior to appellate review, we conclude that this court lacks jurisdiction to review a district court order that vacates an arbitration award, directs rehearing, and denies a motion to confirm the award. Accordingly, we dismiss this appeal.

Karcher Firestopping, 204 P.3d at 1265-66.

We choose to follow the majority of jurisdictions, and we therefore hold that under the circumstances of the instant case, the August 6, 2009 order denying Appellant SHOPO's motion to confirm the arbitration award is not an appealable order.

Absent an appealable order, we lack appellate jurisdiction and Appellant SHOPO's appeal is premature. Accordingly,

IT IS HEREBY ORDERED that appellate court case number 30030 is dismissed for lack of appellate jurisdiction.


Chief Judge


Associate Judge


Associate Judge