In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00168-CR

                                                ______________________________

 

 

                              WILLIAM ALBERT SCHATTE,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 336th
Judicial District Court

                                                             Fannin County, Texas

                                                            Trial
Court No. 23008

 

                                                         
                                         

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                     MEMORANDUM 
OPINION

 

            William
Albert Schatte appeals from his convictions on his plea of guilty, made before
a jury, for aggravated sexual assault in four cases, and for one conviction for
indecency with a child.  In a unified
brief, he complains that the trial court committed reversible error at the
punishment phase that requires remanding the cause for a new hearing on
punishment.

            In
this case, he was convicted for aggravated sexual assault of a child, and was
sentenced to ninety-nine years’ imprisonment and a $10,000.00 fine.  

            Schatte
raises a single issue on appeal, in which he contends that the trial court
erred by admitting evidence of a prior bad act—anal contact with the
victim—although the State had not given him notice of its intent to use the
evidence, notwithstanding his request for such notice.  

            Because
the issue raised in each appeal is identical, for the reasons stated in our
opinion dated this day in Schatte v. State, cause number 06-10-00166-CR, we affirm the judgment of the
trial court.

 

 

 

                                                                        Jack
Carter

                                                                        Justice

 

Date Submitted:          May
25, 2011

Date Decided:             May
26, 2011

 

Do Not Publish

 






4 S.W.3d 810 (Tex. App.--Houston [1st Dist.] 2000, pet. denied); see also Bison Bldg.
Materials, Ltd. v. Aldridge, No. 01-05-00330-CV, 2006 Tex. App. LEXIS 8162 (Tex.
App.--Houston  [1st  Dist.]  Sept.  14,  2006,  no  pet.  h.);  Poole  v.  USAA  Cas.  Ins. Co.,
Nos. 14-99-00740-CV, 14-99-01056-CV, 2000 Tex. App. LEXIS 6825, at *4 (Tex.
App.--Houston [14th Dist.] Oct. 12, 2000, pet. denied) (not designated for publication); cf.
J.D. Edwards World Solutions Co. v. Estes, Inc., 91 S.W.3d 836 (Tex. App.--Fort Worth
2002, pet. denied) (vacatur without directing rehearing). We note, however, that a few of
the cases do contain dictum favorable to the position taken by East Texas. See
Stolhandske, 14 S.W.3d at 810; see also Aldridge, 2006 Tex. App. LEXIS 8162; Poole, 
2000 Tex. App. LEXIS 6825.
4. Tex. Civ. Prac. & Rem. Code Ann. § 171.003 (Vernon 2005); see Pullara v. Am.
Arbitration Ass'n, 191 S.W.3d 903, 907 (Tex. App.--Texarkana 2006, pet. denied). 
5. East Texas also cites Atlantic Aviation, Inc. v. EBM Group, Inc., 11 F.3d 1276 (5th
Cir. 1994). This case is distinguishable because it did not concern an appeal from a denial
of an application to confirm and the court concluded the FAA governed the dispute at
issue. Although the court noted neither TAA nor UAA "allow appeals from orders which
both vacate an award and direct a rehearing of the dispute," the Fifth Circuit's decision
relied on the FAA. Id. (construing predecessor to Section 171.098). Because the FAA
contains different procedural standards for interlocutory appeals, this case has limited
persuasive value.

6. See Me. Dep't of Transp. v. Me. State Employees Ass'n, 581 A.2d 813, 815 (Me.
1990); Neb. Dep't of Health & Human Servs. v. Struss, 623 N.W.2d 308, 312 (Neb. 2001);
Caron v. Reliance Ins. Co, 703 A.2d 63 (Pa. Super. Ct. 1997).

7. See City of Ft. Lauderdale v. Fraternal Order of Police, Lodge No. 31, 582 So.2d
162 (Fla. App. 1991); Max Rieke & Bros., Inc. v. Van Deurzen & Assocs., P.A., 118 P.3d
704, 708 (Kan. Ct. App. 2005); Me. State Employees Ass'n, 581 A.2d at 815; Struss, 623
N.W.2d at 312; Caron, 703 A.2d 63; Boyce v. St. Paul Prop. & Liab. Ins. Co., 618 A.2d 962
(Pa. Super. Ct.1992); Double Diamond Constr. v. Farmers Coop. Elevator Ass'n of
Beresford, S.D., 656 N.W.2d 744 (S.D. 2003).
8. East Texas contends the Missouri court might decide Stewart differently today. 
In support of this speculation, East Texas cites Crack Team USA, Inc. v. American
Arbitration Ass'n, 128 S.W.3d 580 (Mo. Ct. App. 2004). However, in Crack Team, the trial
court did not deny a motion to confirm. Id. The court cited Stewart and noted it was faced
with a different factual scenario. Id. At least two recent decisions have indicated Missouri
is not retreating from its holding. See Air Shield Remodelers v. Biggs, 969 S.W.2d 315,
316 (Mo. Ct. App. 1998); see also Whitney v. Alltel Commc'ns, Inc., 173 S.W.3d 300, 306
(Mo. Ct. App. 2005) (suggesting right to appeal in dicta).

9. In Vondergoltz, the Fourteenth court noted that, "to the extent an order directing
rehearing of an arbitration is analogous to an order granting a motion for new trial, the rule
in Texas that the latter is not final or appealable dictates a result contrary to that reached
in Stewart by reference to the opposite rule." Id. (citations omitted). But, see discussion
in footnote 10 below.
10. East Texas emphasizes that Missouri allows an appeal from an order granting a
motion for new trial. We are not persuaded that the differences between the respective
policies of Texas and Missouri concerning motions for new trial dictate a different result. 
There are significant differences between a motion for new trial and a motion to vacate an
arbitration award. The standards for granting the motions are extraordinarily different. A
trial court has much greater discretion in granting a motion for new trial than in granting a
motion to vacate an arbitration award. A motion for new trial is granted by a trial court who
heard all of the evidence and observed the demeanor of the witnesses. A motion to vacate
is granted by a trial court who at best has a transcript of the arbitration hearings. Because
of these significant differences between a motion for new trial and a motion to vacate an
arbitration award, the fact that Missouri allows a party to appeal from an order granting a
new trial is not a significant factor in our analysis.
11. The San Antonio Court of Appeals adopted the abuse of discretion standard of
review in Koch without citing any authority. See Koch, 27 S.W.3d at 95 (arbitration
concerning prenuptial agreement). In Henry, the Dallas Court of Appeals cited an opinion
reviewing a motion for new trial as authority. Henry, 100 S.W.3d at 509 (citing Chavarria
v. Valley Transit Co., 75 S.W.3d 107, 110 (Tex. App.--San Antonio 2002, no pet.)).
12. In the hearing before the trial court in this case, there was no testimony or
evidence other than the transcripts of the arbitration hearing and the statements of
counsel. Therefore, the trial court is not in an appreciably better position to review the
transcripts of the arbitration proceeding than we are. If evidence had been introduced at
the hearing, an abuse of discretion standard of review might be appropriate to review any
factual findings made by the trial court based on evidence presented at the hearing. See
Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992). 
13. We note East Texas has not alleged any grounds under the TAA. Under that Act,
an arbitration award should be vacated if the rights of a party were prejudiced by evident
partiality, corruption, misconduct, or willful misbehavior of an arbitrator. IPCO-G&C Joint
Venture v. A. B. Chance Co., 65 S.W.3d 252, 256 (Tex. App.--Houston [1st Dist.] 2001,
pet. denied); see Tex. Civ. Prac. & Rem. Code Ann. § 171.098 (Vernon 2005). Grounds
under the TAA are cumulative of the common law. Riha, 843 S.W.2d at 292. 

 
14. Werline states in his reply brief that he does not concede the trial court could
vacate an arbitration award based on a finding of "no evidence" of any given issue. At the
hearing before the trial court, however, Werline's attorney stated, "no evidence is about the
only way [East Texas] can attack the validity of this particular award." The parties have
failed to cite any caselaw authorizing a "no-evidence" review, and our own search has not
found any Texas cases recognizing a "no-evidence" review. We are not convinced an
arbitration award can be reviewed for legal sufficiency of the evidence. The First Court of
Appeals has held: "[i]n the absence of a statutory or common law ground to vacate or
modify an arbitration award, a reviewing court lacks jurisdiction to review other complaints,
including the sufficiency of the evidence to support the award." A. B. Chance Co., 65
S.W.3d at 256; see also Antone's Import Co., 927 S.W.2d at 33; cf. Kergosien v. Ocean
Energy, Inc., 390 F.3d 346, 353 (5th Cir. 2004); Brabham, 376 F.3d at 381-85. However,
it is not necessary for us to decide this issue since, as discussed below, there is clearly
more than a scintilla of evidence supporting the arbitrator's award.
15. Werline alleges these attempts were made because the alternative lines of
business being investigated by Werline were not "going to go anywhere." Clements
testified he made the offers, merely as a friend, since he could see Werline was not
pleased with the new arrangement.

16. Other than unsworn statements made by counsel for East Texas, the record does
not reflect that the arbitrator refused to consult the transcript of the arbitration. But, even
if counsel's statements qualify as evidence, this fact is irrelevant since the arbitrator
presided over the arbitration and, according to the record, took forty pages of notes.