**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-23-0000757**
**30-SEP-2024**
**07:46 AM**
**Dkt. 65 ODSLJ**

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I

---o0o---

IN THE MATTER OF THE ARBITRATION OF

NORDIC PCL CONSTRUCTION, INC., F/K/A NORDIC CONSTRUCTION, LTD.,
a corporation, Claimant/Counterclaim Respondent-Appellee, v.
LPIHGC, LLC, Respondent/Counterclaimant-Appellant

NO. CAAP-23-0000757

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P. NO. 1SP101000346)

SEPTEMBER 30, 2024

LEONARD, ACTING CHIEF JUDGE, HIRAOKA AND GUIDRY, JJ.

ORDER DISMISSING APPEAL BY HIRAOKA, J.

**LPIHGC,** LLC appeals from an order taxing costs in a Hawaii Revised Statutes (**HRS**) § 658A-22 special proceeding to confirm an arbitration award.[1] We must determine if we have

---

[1] HRS § 658A-22 (Supp. 2009) provides:

After a party to an arbitration proceeding receives notice of an award, the party may make a motion to the court for an order confirming the award at which time the court shall issue a confirming order unless the award is modified

(continued...)

jurisdiction.  State of Hawaii Organization of Police Officers (SHOPO) v. Cnty. of Kauaʻi, 123 Hawaiʻi 128, 129, 230 P.3d 428, 429 (App. 2010).  On review of the parties' responses to our August 2, 2024 Order to Show Cause, and the record, we conclude we lack jurisdiction over LPIHGC's appeal.

## I.  BACKGROUND

LPIHGC and **Nordic** PCL Construction, Inc. arbitrated a construction dispute.  LPIHGC filed the proceeding below in 2010 to confirm the **2010 Award**.  Nordic moved to vacate the award.  The circuit court granted LPIHGC's motion to confirm, denied Nordic's motion to vacate, and entered a judgment on the 2010 Award.[2]  Nordic appealed.  We vacated the order and the judgment "[o]n the basis of [the arbitrator]'s failure to disclose certain financial and other relationships with counsel[.]"  In re Arb. of Nordic PCL Constr., Inc. v. LPIHGC, LLC, No. CAAP-11-0000350, 2014 WL 624870, at *1 (Haw. App. Feb. 14, 2014) (mem. op.).  LPIHGC applied for certiorari.  The supreme court granted the application and remanded for the circuit court to conduct an evidentiary hearing because "the factual and/or legal bases upon which the circuit court denied the motion to vacate are unascertainable."  Nordic PCL Constr., Inc. v. LPIHGC, LLC, 136 Hawaiʻi 29, 31, 358 P.3d 1, 3 (2015).

---

[1]     (...continued)
        or corrected pursuant to section 658A-20 or 658A-24 or is vacated pursuant to section 658A-23.

[2]     The Honorable Patrick W. Border presided.

On remand, the circuit court entered its "Findings of Fact, Conclusions of Law and Order" on March 3, 2017.[3] The court denied LPIHGC's motion to confirm the 2010 Award, granted Nordic's motion to vacate for evident partiality under HRS § 658A-23(a)(2)(A), and ordered a rehearing before a new arbitrator under HRS § 658A-23(c).[4] Nordic moved for taxation of costs. The circuit court entered an order granting Nordic's motion (**Order Taxing Costs**) on October 20, 2017.[5] LPIHGC filed its notice of appeal on December 29, 2023, after the circuit court in a different special proceeding confirmed the new arbitrator's award and entered a judgment on it.[6]

---

[3] The Honorable Jeannette H. Castagnetti presided.

[4] HRS § 658A-23 (2016) provides, in relevant part:

> (a)   Upon motion to the court by a party to an arbitration proceeding, the court shall vacate an award made in the arbitration proceeding if:
>
> . . . .
>
> (2) There was:
>
>> (A)   Evident partiality by an arbitrator appointed as a neutral arbitrator[.]
>
> . . . .
>
> (c)   If the court vacates an award on a ground other than that set forth in subsection (a)(5), it may order a rehearing. If the award is vacated on a ground stated in subsection (a)(1) or (2), the rehearing shall be before a new arbitrator. . . .

[5] The Honorable Jeffrey P. Crabtree presided.

[6] We take judicial notice of the record in Judiciary Information Management System cases 1CSP-23-0000427 and CAAP-23-0000722. Rule 201, Hawaii Rules of Evidence, Chapter 626, HRS (2016).

## II. DISCUSSION

**A.    The Circuit Court's March 3, 2017 Findings of Fact, Conclusions of Law and Order Was an Appealable Final Order**

In an HRS Chapter 658A special proceeding, an appeal may be taken from:

> (1)    An order denying a motion to compel arbitration;
>
> (2)    An order granting a motion to stay arbitration;
>
> (3)    An order confirming or ***denying confirmation of an award***;
>
> (4)    An order modifying or correcting an award;
>
> (5)    An order vacating an award ***without directing a rehearing***; or
>
> (6)    A final judgment entered pursuant to this chapter.

HRS § 658A-28(a) (2016) (emphasis added).

In <u>State of Hawaii Organization of Police Officers (SHOPO) v. County of Kauaʻi</u>, 123 Hawaiʻi 128, 230 P.3d 428 (App. 2010), SHOPO and the County arbitrated an employment dispute. SHOPO moved to confirm the award.  The County moved to vacate it. The circuit court denied SHOPO's motion to confirm but only partially granted the County's motion to vacate.  The court sent the dispute back to the arbitrator "to rehear the issue of what remedy is appropriate" and "possibly modify the remedy for [SHOPO]."  <u>Id.</u> at 128-29, 230 P.3d at 428-29.  SHOPO appealed. We adopted the view of the majority of jurisdictions that had adopted the Uniform Arbitration Act,[7] and held that the order

---

    [7]    Hawaiʻi adopted the Uniform Arbitration Act in 2001.  2001 Haw. Sess. Laws Act 265, § 1 at 810-820.

4

denying SHOPO's motion to confirm was not an appealable order "under the circumstances of this case[.]" Id. at 129, 230 P.3d at 429.

We cited Karcher Firestopping v. Meadow Valley Contractors, Inc., 204 P.3d 1262 (Nev. 2009), which discussed the approaches taken by other Uniform Arbitration Act jurisdictions. In Karcher, the district court denied a motion to confirm an award, granted a motion to vacate the award, "and referred the matter back to arbitration *for supplemental proceedings*." 204 P.3d at 1263 (emphasis added). Under those circumstances, the Nevada Supreme Court noted "the district court's order vacating the arbitration award and remanding for supplemental proceedings extended, rather than concluded, the arbitration process[.]" Id. at 1266. The supreme court concluded the order denying confirmation was not "sufficiently final to be suitable for appellate review," and it lacked jurisdiction over the appeal. Id.

Here, the circuit court's March 3, 2017 Findings of Fact, Conclusions of Law and Order did not remand the dispute to the same arbitrator for supplemental proceedings. It terminated one arbitration process by completely vacating the 2010 Award "and all other rulings of the arbitrator[.]" The circuit court ordered a "rehearing," appropriately using the word in HRS § 658A-23(c). But the new arbitrator was to rehear the entire dispute, and was not bound by the former arbitrator's findings, conclusions, or decision. Under these circumstances, the

5

March 3, 2017 order denying LPIHGC's motion to confirm the award was a final order ending the proceeding from which LPIHGC could have appealed under HRS § 658A-28(a)(3).  Had LPIHGC wanted to defend the 2010 Award and challenge the circuit court's findings, conclusions, and order on the original arbitrator's evident partiality, it could have done so before incurring the time and expense of new arbitration proceedings.  A contrary holding — requiring the parties to arbitrate all over again before LPIHGC could appeal from the circuit court's findings, conclusions, and order vacating the 2010 Award — would force the parties to waste time and resources.

The Texas Supreme Court reached a similar conclusion in East Texas Salt Water Disposal Co. v. Werline, 307 S.W.3d 267 (Tex. 2010).[8]  The supreme court framed the issue as "whether the Texas General Arbitration Act (TAA) allows an appeal from a trial court's order that denies confirmation of an arbitration award and instead, vacates the award and directs that the dispute be arbitrated anew."[9]  Id. at 268 (footnote omitted).  There, East Texas and Werline arbitrated an employment dispute.  The arbitrator made an award for Werline.  Werline moved to confirm.  East Texas moved to vacate.  The district court denied confirmation, vacated the award, and ordered that the dispute be

_____

[8]     The Nevada Supreme Court's Karcher opinion discussed Werline v. E. Tex. Salt Water Disposal Co., 209 S.W.3d 888 (Tex. App. 2006), aff'd sub nom. E. Tex. Salt Water Disposal Co. v. Werline, 307 S.W.3d 267 (Tex. 2010). Karcher, 204 P.3d at 1265.

[9]     TAA § 171.098(a) is materially identical to HRS § 658A-28(a) in substance and structure.  See E. Texas, 307 S.W.3d at 270.

"re-submitted to arbitration by a new arbitrator[.]"  Id. at 269.
Werline appealed.  The court of appeals held there was evidence
to support the award, reversed the district court, and confirmed
the award.  Id. at 269-70.  East Texas petitioned for review,
challenging only the court of appeals' jurisdiction.  It argued
that although TAA § 171.098(a)(3) allowed an appeal from an order
denying confirmation of an award, subsection (5) implied that an
order vacating an award *and* directing a rehearing was *not*
appealable, creating an exception to subsection (3).  Id. at 270.
The Texas Supreme Court disagreed.  Pertinent to this case, the
supreme court held:

> In denying Werline's request for confirmation of the award,
> the district court made clear that it rejected the award and
> all bases on which it rested. . . .
>
>         When an arbitration award is unclear or incomplete or
> contains an obvious error, a limited rehearing to correct
> the problem is but a preface to determining confirmation,
> not a decision on the issue.  If, for example, the
> arbitrator's award required clarification or interpretation,
> a rehearing for that limited purpose would not necessarily
> be a denial of confirmation of the award, but merely a
> deferral of final ruling until the arbitration was complete.
> When rehearing is necessary for the issue of confirmation to
> be fully presented, vacatur pending rehearing is not
> appealable, ***not because the order falls outside
> subsection (5), but because it falls outside subsection (3)***
> and the rest of section 171.098(a).

Id. at 270-71 (emphasis added) (footnote omitted).

        A concurring justice noted:

> [P]recluding appeal from an order vacating an arbitration
> award and requiring re-arbitration works an odd result, as
> this case illustrates.  Having incurred the expense of one
> arbitration and one court proceeding, the parties have been
> ordered to do it all over again. . . . [A] second
> arbitration and second confirmation proceeding would be
> additional, wasted expense to the parties.  They would then
> face the delay and expense of a second appellate proceeding,
> just to arrive where they are now: with the first award
> confirmed, as the court of appeals has held it should have

been, a result the Company has not chosen to contest in this Court.

Id. at 275 (Willett, J., concurring).

The Texas Supreme Court's reasoning in E. Texas is consistent with our holding in SHOPO. The circuit court's order in SHOPO (remanding for the arbitrator to rehear and possibly modify SHOPO's remedy) was not appealable because it wasn't a *final* order denying confirmation under HRS § 658A-28(a)(3). HRS § 658A-28(a)(5) did not apply because the County's motion to vacate was granted only in part.

Here, the circuit court's March 3, 2017 Findings of Fact, Conclusions of Law and Order vacated the arbitration award and all the arbitrator's rulings, and ordered that a new arbitrator conduct a new arbitration. It was just like the Texas district court order rejecting "the award and all bases on which it rested" and ordering a new arbitration by a new arbitrator. E. Texas, 307 S.W.3d at 270. Both were appealable because they were *final* orders denying confirmation under subsection (3) of HRS § 658A-28(a) and the identical subsection (3) of TAA § 171.098(a).

**B.   The Circuit Court's October 20, 2017 Order Taxing Costs Was an Appealable Final Order**

LPIHGC argues we should temporarily remand to the circuit court for entry of an appealable judgment complying with Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994), under HRS § 602-57(3) (2016) and

Waikiki v. Hoʻomaka Vill. Ass'n of Apartment Owners, 140 Hawaiʻi 197, 204, 398 P.3d 786, 793 (2017).

> [T]he rule in Jenkins — to wit, that circuit court orders resolving claims against parties must generally be reduced to a judgment and the judgment must be entered in favor of or against the appropriate parties pursuant to HRCP Rule 58 before an appeal may be taken — is limited to circuit court orders disposing of claims raised in a circuit court complaint.

Ditto v. McCurdy, 103 Hawaiʻi 153, 159, 80 P.3d 974, 980 (2003).

The proceeding below was not initiated by a complaint. It was a special proceeding to confirm an arbitration award. The March 3, 2017 Findings of Fact, Conclusions of Law and Order was an appealable final order under HRS § 658A-28(a)(3) to which the separate judgment rule in Jenkins did not apply. Nordic's motion for taxation of costs was equivalent to a post-judgment motion. The October 20, 2017 Order Taxing Costs was an appealable final order because it ended the proceedings on Nordic's motion for taxation of costs, "leaving nothing further to be accomplished." Ditto, 103 Hawaiʻi at 157, 80 P.3d at 978. The time for appealing a final post-judgment order begins to run "upon entry thereof, not upon entry of [a] superfluous . . . judgment on the order." Id. at 159-60, 80 P.3d at 980-81. A Waikiki remand would not revive appellate jurisdiction.

Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 4(a) requires that a notice of appeal "be filed within 30 days after entry of the judgment or appealable order." LPIHGC filed its Notice of Appeal on December 29, 2023, more than 30 days after

entry of the October 20, 2017 Order Taxing Costs.  The Notice of Appeal was untimely.

### III. ORDER

IT IS HEREBY ORDERED that this appeal is dismissed for lack of jurisdiction.[10]


On the briefs:

Terence J. O'Toole,
Judith A. Pavey,
Kukui Claydon,
for Respondent/Counterclaimant-
Appellant LPIHGC, LLC.

David Schulmeister,
Keith Y. Yamada,
Anna H. Oshiro,
Michael R. Soon Fah,
for Claimant/Counterclaim
Respondent-Appellee Nordic
PCL Construction, Inc. f/k/a
Nordic Construction, Ltd.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge

---

[10]    No judgment on appeal will be entered.  See HRAP Rule 36(b)(1).