QWEST BUSINESS RESOURCES, INC., A COLORADO CORPORATION, APPELLEE, v. HEADLINERS–1299 FARNAM, LLC, AN OHIO LIMITED LIABILITY COMPANY, AND RETAIL CONSTRUCTION, LLC, AN OHIO LIMITED LIABILITY COMPANY, APPELLEES, AND HEADLINERS ENTERTAINMENT GROUP, INC., A DELAWARE CORPORATION, APPELLANT.

727 N.W.2d 724

Filed February 27, 2007. No. A-06-1361.

George A. Sutera, of Sutera Law Office, for appellant.

Thomas O. Kelley, of McGrath, North, Mullin & Kratz, P.C., L.L.O., for appellee Qwest Business Resources, Inc.

CARLSON, MOORE, and CASSEL, Judges.

CASSEL, Judge.

## INTRODUCTION

This appeal presents the first opportunity for a Nebraska appellate court to determine whether an order overruling a pre-trial motion to dismiss pursuant to Neb. Ct. R. of Pldg. in Civ. Actions 12(b)(1), (2), and (6) (rev. 2003) is a final order. Because this appeal was taken from an order which is not final, we lack jurisdiction, and accordingly, we dismiss the appeal.

## BACKGROUND

Qwest Business Resources, Inc. (Qwest), a Colorado corporation, commenced this action in the district court for Douglas County, Nebraska, against three defendants. As against appellee Headliners–1299 Farnam, LLC (1299), an Ohio limited liability company, Qwest alleged that in order for 1299 to operate a restaurant, Qwest leased certain real estate to 1299, which was then known as 1299 Farnam, LLC. Qwest also alleged that appellee Headliners Entertainment Group, Inc. (Headliners), a Delaware corporation, had "acquired" 1299 in 2005 and that in or about September 2005, Headliners changed the name of 1299 to include the reference to Headliners. Qwest alleged various breaches of the lease agreement and asserted claims against 1299 and Headliners for forcible entry and detainer, against 1299 for unpaid rents and other damages for breach of the lease, and against Headliners upon various theories including consolidation, merger, or express or implied agreement that Headliners was liable for 1299's debts and obligations. Qwest also named as a defendant appellee Retail Construction, LLC (Retail), an Ohio limited liability company, and asserted a claim against Retail based upon breach of a written guaranty of the lease to 1299.

On September 21, 2006, Headliners filed a motion to dismiss, citing rule 12(b)(1) and (2). However, in the body of the motion, Headliners specifically asserted that the district court lacked jurisdiction over the subject matter with regard to Headliners and that Qwest's complaint failed to state a claim upon which relief could be granted against Headliners.

By an order entered November 8, 2006, the district court denied the motion. Headliners appeals.

## MOTION FOR SUMMARY DISMISSAL

Qwest has filed a motion for summary dismissal for lack of jurisdiction pursuant to Neb. Ct. R. of Prac. 7B(1) (rev. 2001). Qwest asserts that the order of the district court overruling Headliners' motion to dismiss was not a final order and that consequently, this court lacks jurisdiction of this appeal. Qwest also asserts that Headliners' appeal is frivolous and seeks attorney fees pursuant to Neb. Rev. Stat. § 25-824(2) (Reissue 1995).

## STANDARD OF REVIEW

■ The question of jurisdiction is a question of law. *Nebraska Dept. of Health & Human Servs. v. Struss*, 261 Neb. 435, 623 N.W.2d 308 (2001).

■ Attorney fees can be awarded against a party bringing an appeal that is without rational argument based on law and evidence. *Daily v. Board of Ed. of Morrill Cty.*, 256 Neb. 73, 588 N.W.2d 813 (1999).

## ANALYSIS

■ Jurisdiction is vested in an appellate court through the state Constitution and the Legislature, Neb. Const. art. V, § 2, and Neb. Rev. Stat. § 24-204 (Reissue 1995). *Nebraska Dept. of Health & Human Servs. v. Struss, supra.* Except in those cases wherein original jurisdiction is specially conferred by Neb. Const. art. V, § 2, the Nebraska Supreme Court exercises appellate jurisdiction, and such appellate jurisdiction can be conferred only in the manner provided by statute. *Nebraska Dept. of Health & Human Servs. v. Struss, supra.*

■ For an appellate court to acquire jurisdiction of an appeal, there must be a judgment, decree, or final order entered by the court from which the appeal is timely taken. *City of Ashland v. Ashland Salvage*, 271 Neb. 362, 711 N.W.2d 861 (2006). An appellate court is without jurisdiction to entertain appeals from nonfinal orders. *Thompson v. Kiewit Constr. Co.*, 258 Neb. 323, 603 N.W.2d 368 (1999). Qwest contends that the district court's order was nonfinal. Because Nebraska has only recently adopted rules of pleading similar to federal notice pleading procedures, the Nebraska appellate courts have not previously considered whether an order overruling a motion to

dismiss pursuant to rule 12(b) constitutes a final order. However, federal courts have addressed the issue.

In construing Nebraska's current pleading rules, the Nebraska Supreme Court has looked to federal cases interpreting similar federal rules. See, *In re Adoption of Kenten H.*, 272 Neb. 846, 725 N.W.2d 548 (2007); *Weeder v. Central Comm. College*, 269 Neb. 114, 691 N.W.2d 508 (2005). Although Headliners appears to rely on rules 12(b)(1) and (6), its motion also refers to rule 12(b)(2). For our purposes, we may disregard this uncertainty because federal case law holds that a denial of such motion is not appealable, for lack of a final order, as to all three grounds. See, *Catlin v. United States*, 324 U.S. 229, 65 S. Ct. 631, 89 L. Ed. 911 (1945) (denial of motion to dismiss, even when motion is based upon jurisdictional grounds, is not immediately reviewable); *Rux v. Republic of Sudan*, 461 F.3d 461 (4th Cir. 2006) (order denying motion to dismiss for lack of personal jurisdiction is not final order); *Ridpath v. Board of Governors Marshall University*, 447 F.3d 292 (4th Cir. 2006) (normally, denial of motion to dismiss for failure to state claim is not final order). Although the U.S. Supreme Court—applying what has become known as the collateral order doctrine—has carved out a small class of trial court decisions that, though short of a final judgment, are immediately appealable, such decisions are appealable because they "finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen v. Beneficial Loan Corp.*, 337 U.S. 541, 546, 69 S. Ct. 1221, 93 L. Ed. 1528 (1949). Headliners does not contend that the collateral order doctrine applies in the case before us, and we now turn to Headliners' specific arguments.

First, Headliners cites decisions, such as *Bohaboj v. Rausch*, 272 Neb. 394, 721 N.W.2d 655 (2006), setting forth standards of review applicable to orders *granting* motions to dismiss. Headliners then asserts, without any supporting citation, that "if this [c]ourt has authority to rule upon a grant of a [m]otion to [d]ismiss[,] conversely this [c]ourt should have authority to rule on a denial of the same." This notion flies in the face of the well-accepted rule that if an order is interlocutory, immediate appeal

from the order is disallowed so that courts may avoid piecemeal review, chaos in trial procedure, and a succession of appeals granted in the same case to secure advisory opinions to govern further actions of the trial court. See *Smith v. Lincoln Meadows Homeowners Assn.*, 267 Neb. 849, 678 N.W.2d 726 (2004).

 Headliners next attempts to argue that an order denying a motion to dismiss falls within the definition of a final order, specifically, as "an order affecting a substantial right made in a special proceeding," see Neb. Rev. Stat. § 25-1902 (Reissue 1995). Once again, without any supporting authority for the particular proposition, Headliners contends that a motion to dismiss is a special proceeding. A judgment rendered by the district court that is merely a step or proceeding within the overall action is not a special proceeding within the meaning of § 25-1902. *Mumin v. Dees*, 266 Neb. 201, 663 N.W.2d 125 (2003) (order overruling motion for default judgment). See, also, *Knoell Constr. Co., Inc. v. Hanson*, 208 Neb. 373, 303 N.W.2d 314 (1981) (order overruling motion for leave to file amended pleading). We conclude that the order overruling Headliners' motion to dismiss was a step or proceeding within the overall action and thus was not made in a special proceeding within the meaning of § 25-1902. An order overruling a pretrial motion to dismiss pursuant to rule 12(b)(1), (2), and (6) is not a final order. We therefore reject Headliners' arguments and determine that the order was not final. Consequently, we must dismiss the appeal. Before doing so, we turn to Qwest's request for attorney fees on appeal.

 Qwest also asserts that this court should, pursuant to § 25-824(2), award Qwest attorney fees related to this appeal, claiming that the appeal is frivolous. Section 25-824(2) requires that with certain exceptions, the court shall award as part of its judgment, and in addition to any other costs otherwise assessed, reasonable attorney fees and court costs against any attorney or party who has brought or defended a civil action that alleges a claim or defense which a court determines is frivolous or made in bad faith. As used in § 25-824(2) concerning allowance of an attorney fee, "frivolous" means a legal position wholly without merit, that is, without rational argument based on law and evidence to support a litigant's position in the lawsuit. See *Surratt v. Watts Trucking*, 249 Neb. 35, 541 N.W.2d 41 (1995).

■ However, no attorney fees or costs shall be assessed if a claim or defense was asserted by an attorney or party in a good faith attempt to establish a new theory of law in this state. *Greenwalt v. Wal-Mart Stores*, 253 Neb. 32, 567 N.W.2d 560 (1997). While we are not persuaded by Headliners' arguments, given the absence of any prior Nebraska case addressing the finality of an order denying a motion to dismiss, we cannot conclude that Headliners' appeal was frivolous. We therefore determine that Qwest is not entitled to attorney fees.

### CONCLUSION

Because an order denying a motion to dismiss made pursuant to rule 12(b)(1), (2), or (6) is not a final order, we lack jurisdiction and must dismiss the appeal. We also conclude that Headliners' contentions were not wholly without rational argument, and we decline to characterize Headliners' appeal as frivolous.

APPEAL DISMISSED.