Herman Trust, appellee, v. Brashear
711 Trust, appellant.

Herman Trust, appellee, v.
Brashear LLP, appellant.

Herman Trust, appellee, v. Kermit A.
Brashear, appellant.

___ N.W.2d ___

Filed February 17, 2015.    Nos. A-13-895 through A-13-897.

1. **Judgments: Jurisdiction.** When a jurisdictional question does not involve a factual dispute, the issue is a matter of law.

2. **Jurisdiction: Appeal and Error.** Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.

3. **Jurisdiction: Final Orders: Appeal and Error.** For an appellate court to acquire jurisdiction of an appeal, there must be a final order entered by the court from which the appeal is taken; conversely, an appellate court is without jurisdiction to entertain appeals from nonfinal orders.

4. **Final Orders: Appeal and Error.** An order is final for purposes of appeal if it affects a substantial right and (1) determines the action and prevents a judgment, (2) is made during a special proceeding, or (3) is made on summary application in an action after judgment is rendered.

5. **Final Orders: Motions to Dismiss.** A denial of a motion to dismiss is not a final order.

6. **Summary Judgment: Final Orders: Appeal and Error.** A denial of a motion for summary judgment is not a final order and therefore is not appealable.

7. **Final Orders: Appeal and Error.** To fall within the collateral order doctrine, an order must (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment.

8. ____: ____. The collateral order doctrine is a narrow exception that should never be allowed to swallow the general rule that a party is entitled to a single appeal, to be deferred until final judgment has been entered.

9. **Courts: Final Orders: Appeal and Error.** Because the collateral order doctrine has its source in decisions of the U.S. Supreme Court, Nebraska courts review cases decided by the federal courts for guidance.

10. **Final Orders: Appeal and Error.** The mere identification of some interest that would be irretrievably lost has never sufficed to meet the third requirement of the collateral order doctrine—that an order be effectively unreviewable on appeal from a final judgment.

11. **Immunity: Final Orders: Appeal and Error.** The right to avoid litigation pursuant to a claim for governmental immunity from suit is reviewable under the collateral order doctrine on an interlocutory appeal when the facts are not disputed.

12. **Immunity: Liability.** A claim for governmental immunity is based in immunity from suit and is not simply a defense against liability, which immunity is effectively lost if a case is erroneously permitted to go to trial.

13. **Immunity: Public Officers and Employees.** Governmental immunity is the entitlement not to stand trial or face the other burdens of litigation; requiring an official with a colorable immunity claim to defend a suit for damages would be disruptive of effective government and would cause harm that the immunity was meant to avoid.

14. **Judgments: Final Orders.** Whether a right is adequately vindicable or effectively reviewable cannot be answered without a judgment about the value of the interests that would be lost through rigorous application of a final judgment requirement.

15. **Constitutional Law: Statutes: Immunity: Final Orders.** A policy embodied in a constitutional or statutory provision entitling a party to immunity from suit is of such importance that it justifies a departure from the operation of ordinary final judgment principles.

16. **Final Orders: Compromise and Settlement: Appeal and Error.** Rights under private settlement agreements can be adequately vindicated on appeal from final judgment.

17. **Compromise and Settlement: Appeal and Error.** A refusal to enforce a settlement agreement claimed to shelter a party from suit altogether does not supply the basis for immediate appeal.

18. **Courts: Appeal and Error.** The U.S. Supreme Court has instructed courts of appeals to view claims of a right not to be tried with skepticism, if not a jaundiced eye.

19. **Limitations of Actions: Words and Phrases.** A tolling agreement is an agreement between a potential plaintiff and a potential defendant by which the defendant agrees to extend the statutory limitations period on the plaintiff's claim, usually so that both parties will have more time to resolve their dispute without litigation.

20. **Trial: Judgments: Appeal and Error.** It is not mere avoidance of a trial, but avoidance of a trial that would imperil a substantial public interest, that counts when asking whether an order is effectively unreviewable if review is to be left until later.

Appeals from the District Court for Douglas County: Timothy P. Burns, Judge. Appeals dismissed.

Steven D. Davidson, of Baird Holm, L.L.P., for appellants.

James P. Waldron and Christopher J. Tjaden, of Gross & Welch, P.C., L.L.O., for appellee.

Moore, Chief Judge, and Inbody and Bishop, Judges.

Bishop, Judge.

The present interlocutory appeals arise out of three separate but related actions filed by the Herman Trust against Kermit A. Brashear; Brashear LLP, his law practice; and the Brashear 711 Trust (the 711 Trust), a nominee trust for the benefit of Brashear and his wife (collectively the Brashears), to recover on a promissory note and personal guaranties executed by the Brashears. The Brashears filed separate motions to dismiss in each case, claiming that the lawsuits were filed prior to the expiration or termination of a tolling agreement executed by the Brashears. The district court overruled the motions to dismiss, finding that the tolling agreement applied to professional negligence claims only and not the claims at issue. The Brashears now appeal from the district court's order denying their motions to dismiss, claiming this court has appellate jurisdiction to review the district court's order under the collateral order doctrine. We disagree and dismiss all three appeals for lack of jurisdiction.

## BACKGROUND

Brashear is a licensed Nebraska attorney and the sole equity partner of Brashear LLP. Brashear provided legal services to R.L. Herman, his family, and his business interests for more than 30 years. Herman served as trustee of the Herman Trust.

On January 17, 2011, the 711 Trust executed and delivered to the Herman Trust a promissory note (the Note) in the principal amount of $764,000, with an interest rate of 5 percent per annum. The Note provided that the commercial building owned by the 711 Trust, and occupied by Brashear LLP, would be used as collateral for the loan. Pursuant to the Note, it was to be repaid in equal monthly interest-only payments commencing on February 17. The principal was not required to be repaid until the sale of the building, until the death of Brashear, or until October 12, 2012, whichever occurred first. The Note provided that upon the happening of one of those events, the repayment of the full principal amount plus all accrued interest was due within 30 days.

In connection with the Note, on January 17, 2011, Brashear LLP and Brashear, individually, each executed a personal guaranty of the Note, agreeing to unconditionally and irrevocably guarantee the full and timely payment of the Note by the 711 Trust.

Brashear prepared the loan documents utilized in connection with this transaction.

Sometime in August 2012, the Herman Trust retained new legal counsel, which provided the Herman Trust with advice regarding the representation provided to the Herman Trust by Brashear. The Herman Trust's new counsel opined that Brashear failed to meet the applicable standard of care for a transactional attorney with respect to the loan transaction and the documents prepared by Brashear in connection with the transaction.

On January 16, 2013, a tolling agreement was entered into between Herman (as trustee of the Herman Trust), Brashear, and Brashear LLP. The 711 Trust was not a party to the tolling agreement. The tolling agreement provided that the parties

> desire[d] to defer immediate commencement of any litigation by Herman against . . . Brashear or Brashear LLP arising out of the alleged professional negligence of . . . Brashear in providing legal services and counsel to Herman, in order to give the parties hereto time to conduct additional and further discussion and negotiations, outside of direct litigation.

Pursuant to the agreement, Brashear and Brashear LLP waived and agreed not to assert the defense of the statute of limitations, and the parties agreed that the running of any statute of limitations or statute of repose would be tolled for 1 year or until the agreement was terminated by 30 days' written notice.

Less than 2 months later, on March 7, 2013, the Herman Trust filed three separate complaints against the 711 Trust, Brashear LLP, and Brashear. In its complaint against the 711 Trust, the Herman Trust alleged that the 711 Trust defaulted on the Note for failure to make payments, that the Herman

Trust was owed the principal sum of $764,000 plus accrued interest in the amount of $15,278.90, and that the Herman Trust had made a demand for payment, but that the amount owed remained unpaid. The Herman Trust's separate complaints against Brashear and Brashear LLP sought to recover the unpaid amount pursuant to their personal guaranties executed in connection with the Note.

On April 17, 2013, the 711 Trust, Brashear LLP, and Brashear each filed a motion to dismiss, alleging that the district court lacked subject matter jurisdiction, that the complaint failed to state a claim, and that the Herman Trust failed to join necessary parties. The basis for each motion was that the tolling agreement prohibited the filing of the lawsuits.

A hearing on the motions was held on October 1, 2013. The court received into evidence affidavits and exhibits from the parties and treated the motions to dismiss as motions for summary judgment. The court entered an order on October 11, overruling the motions filed in each case. The court concluded that the Herman Trust's complaints sought to recover on breach of contract claims and that the tolling agreement applied only to professional negligence claims. The court also found that although the evidence in the three separate actions overlapped, each of the Herman Trust's complaints advanced separate theories of recovery, and that therefore dismissal for failure to join a necessary party was not proper. The court granted a motion to consolidate the three cases with respect to discovery only.

The 711 Trust, Brashear LLP, and Brashear each now appeal from the order denying their motions to dismiss, which we consolidated for purposes of appeal.

## ASSIGNMENTS OF ERROR

The Brashears assign as error on appeal that (1) the district court erred in denying the motions to dismiss, (2) the district court erred in failing to conclude that the tolling agreement barred the filing of the Herman Trust's contract claims on the Note and guaranty, and (3) the district court erred in finding that the Herman Trust's claim on the Note and guaranty did

not constitute litigation arising out of the alleged professional negligence of Brashear.

## STANDARD OF REVIEW

[1] When a jurisdictional question does not involve a factual dispute, the issue is a matter of law. *Kelliher v. Soundy*, 288 Neb. 898, 852 N.W.2d 718 (2014).

## ANALYSIS

[2-4] Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *Williams v. Baird*, 273 Neb. 977, 735 N.W.2d 383 (2007). For an appellate court to acquire jurisdiction of an appeal, there must be a final order entered by the court from which the appeal is taken; conversely, an appellate court is without jurisdiction to entertain appeals from nonfinal orders. *Kelliher, supra*. An order is final for purposes of appeal if it affects a substantial right and (1) determines the action and prevents a judgment, (2) is made during a special proceeding, or (3) is made on summary application in an action after judgment is rendered. *StoreVisions v. Omaha Tribe of Neb.*, 281 Neb. 238, 795 N.W.2d 271 (2011), *modified on denial of rehearing* 281 Neb. 978, 802 N.W.2d 420.

[5-7] The present appeals were taken from the district court's order overruling three motions to dismiss for lack of subject matter jurisdiction and for failure to state a claim, which were converted to motions for summary judgment. A denial of a motion to dismiss is not a final order. See *id*. See, also, *Qwest Bus. Resources v. Headliners–1299 Farnam*, 15 Neb. App. 405, 727 N.W.2d 724 (2007). Similarly, a denial of a motion for summary judgment is not a final order and therefore is not appealable. *Cerny v. Longley*, 266 Neb. 26, 661 N.W.2d 696 (2003). The Brashears concede that they are not appealing from a final order or one made in a special proceeding, but contend that we have jurisdiction to review the present appeals under the collateral order doctrine, an exception to the final order rule. To fall within the collateral order doctrine, an order must (1) conclusively determine the disputed question,

(2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment. *StoreVisions, supra*.

[8,9] Our Supreme Court and the U.S. Supreme Court have emphasized the modest scope of the collateral order doctrine, explaining that it is a "'"narrow exception"'" that should "'never be allowed to swallow the general rule . . . that a party is entitled to a single appeal, to be deferred until final judgment has been entered . . . .'" *Hallie Mgmt. Co. v. Perry*, 272 Neb. 81, 86, 718 N.W.2d 531, 535 (2006) (quoting *Digital Equipment Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 114 S. Ct. 1992, 128 L. Ed. 2d 842 (1994)). In Nebraska, the collateral order doctrine has been applied in limited circumstances. The Nebraska Supreme Court has only utilized the doctrine to review interlocutory appeals from: a district court order canceling a notice of lis pendens against property in which the appellant claimed title, *Kelliher v. Soundy*, 288 Neb. 898, 852 N.W.2d 718 (2014); a district court's denial of a motion to dismiss based upon a finding that an Indian tribe waived its claim for sovereign immunity, *StoreVisions, supra*; an order granting disqualification of counsel on the basis of prior representation of an adverse party, *Jacob North Printing Co. v. Mosley*, 279 Neb. 585, 779 N.W.2d 596 (2010); and a denial of a claim for qualified immunity, *Williams v. Baird*, 273 Neb. 977, 735 N.W.2d 383 (2007). Because the collateral order doctrine has its source in decisions of the U.S. Supreme Court, Nebraska courts review cases decided by the federal courts for guidance. See *Kelliher, supra*.

[10] In considering the three requirements for an order to fall within the collateral order doctrine as set forth in *StoreVisions, supra*, we find that the first two conditions are met in this case: (1) The trial court did conclusively determine the disputed question of whether the tolling agreement should prevent all litigation, and (2) by doing so, the trial court did resolve an important issue completely separate from the merits of the action (default on loan). Accordingly, our analysis focuses on the third requirement of the collateral order doctrine, which is whether the district court's order denying the Brashears' motions to dismiss pursuant to the tolling

agreement would be effectively unreviewable on appeal from a final judgment. In *Hallie Mgmt. Co., supra*, the Nebraska Supreme Court concluded that a discovery order compelling disclosure of documents claimed to be protected by the attorney-client privilege and work product doctrine did not meet the third condition of the collateral order doctrine. In making this determination, the court explained that although harm may occur in delaying review of an erroneous discovery order to disclose privileged information (because delayed appellate review would not eliminate breach of confidentiality), such harm was outweighed by the delay and disruption that would occur in the litigation process if the court were to allow appeals from every discovery order claimed to implicate privilege. The court explained that almost every pretrial or trial order might be called "'"effectively unreviewable"'" in the sense that relief from error cannot rewrite history, and that appellate reversal upon a final judgment might only "'imperfectly'" repair the burden to litigants. *Hallie Mgmt. Co. v. Perry*, 272 Neb. 81, 87, 718 N.W.2d 531, 535 (2006) (quoting *Digital Equipment Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 114 S. Ct. 1992, 128 L. Ed. 2d 842 (1994)). However, the mere identification of some interest that would be "'"irretrievably lost"'" has "'never sufficed to meet the third [requirement of the collateral order doctrine].'" *Id.* at 87, 718 N.W.2d at 536. In the case of a discovery order to disclose privileged information, on appeal from a final judgment, the appellate court could determine whether the disclosure was erroneously compelled, and reverse the judgment and order a new trial prohibiting the use of the privileged documents or evidence obtained as a result of their disclosure, as an adequate remedy. See *Hallie Mgmt. Co., supra*.

[11-13] The Brashears equate their purported right to avoid litigation to a claim for governmental immunity from suit, the latter of which courts have determined is reviewable under the collateral order doctrine on an interlocutory appeal when the facts are not disputed, because immunity from suit is an important right that would be effectively lost on appeal from a final judgment. See, e.g., *StoreVisions v. Omaha Tribe of Neb.*, 281 Neb. 238, 795 N.W.2d 271 (2011), *modified on*

*denial of rehearing* 281 Neb. 978, 802 N.W.2d 420 (jurisdiction to review district court's order overruling Indian tribe's motion to dismiss based on finding that tribe had waived its sovereign immunity); *Williams v. Baird*, 273 Neb. 977, 735 N.W.2d 383 (2007) (jurisdiction to review district court's order overruling Department of Health and Human Services employee's motion for summary judgment on employee's claimed qualified immunity defense). The stated rationale behind granting interlocutory review to those types of orders is because a claim for governmental immunity "is based in immunity from suit and is not simply a defense against liability," *StoreVisions*, 281 Neb. at 243-44, 795 N.W.2d at 277, which immunity "'is effectively lost if a case is erroneously permitted to go to trial,'" *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144, 113 S. Ct. 684, 121 L. Ed. 2d 605 (1993). Governmental immunity is the "'entitlement not to stand trial or face the other burdens of litigation'"; requiring an official with a colorable immunity claim to defend a suit for damages would be disruptive of effective government and would cause harm that the immunity was meant to avoid. *Digital Equipment Corp.*, 511 U.S. at 870. See, also, *Nixon v. Fitzgerald*, 457 U.S. 731, 102 S. Ct. 2690, 73 L. Ed. 2d 349 (1982) (denial of presidential immunity is immediately appealable because of unique position of President's office, rooted in separation of powers and supported by our history).

Constitutional or statutory immunity from suit, however, has been viewed differently than agreements not to be sued when considered under the collateral order doctrine. The U.S. Supreme Court has previously declined to extend the rationale for granting interlocutory review of immunity claims to a private settlement agreement under which one party claimed it was provided with a right not to be sued. In *Digital Equipment Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 866, 114 S. Ct. 1992, 128 L. Ed. 2d 842 (1994), the defendant unsuccessfully attempted to equate its claimed "'right not to go to trial'" under a settlement agreement to governmental immunity from suit, in order to obtain interlocutory appellate review under the collateral order doctrine. In *Digital*

*Equipment Corp.*, the parties entered into a settlement agreement wherein the defendant agreed to pay the plaintiff a sum of money for the right to use a trade name and corresponding trademark, in exchange for a waiver of all damages and dismissal of the suit. Several months later, the trial court granted the plaintiff's motion to vacate the dismissal and rescind the settlement agreement for alleged misrepresentation of material facts during settlement negotiations. The defendant appealed from the order permitting the case to proceed, claiming that it had a "'right not to stand trial altogether'" pursuant to the settlement agreement and that such a right per se satisfied the third requirement of the collateral order doctrine. *Id.*, 511 U.S. at 869.

[14-16] The U.S. Supreme Court rejected the defendant's argument and concluded the third requirement of the collateral order doctrine (that decision would be effectively unreviewable on appeal from final judgment) was not met by the defendant's assertion of a "'right not to stand trial'" under the settlement agreement. *Id.* With respect to the third requirement, the Supreme Court stated, "[W]hether a right is 'adequately vindicable' or 'effectively reviewable,' simply cannot be answered without a judgment about the value of the interests that would be lost through rigorous application of a final judgment requirement." *Id.*, 511 U.S. at 878-79. The Supreme Court differentiated the *privately* conferred right claimed by the defendant from a "*policy . . . embodied in a constitutional or statutory provision* entitling a party to immunity from suit (a rare form of protection)," concluding the latter was of such importance that it justified a departure from the operation of ordinary final judgment principles, while the former did not. *Id.*, 511 U.S. at 879 (emphasis supplied). Although the defendant argued that settlement agreement "immunities" should be reviewed on collateral order appeal due to the public policy favoring voluntary resolution of disputes, the Supreme Court disagreed, stating:

> It defies common sense to maintain that parties' readiness to settle will be significantly dampened (or the corresponding public interest impaired) by a rule that a district court's decision to let allegedly barred litigation

go forward may be challenged as a matter of right only on appeal from a judgment for the plaintiff's favor.

*Digital Equipment Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 881, 114 S. Ct. 1992, 128 L. Ed. 2d 842 (1994). The Court accordingly concluded that the privately claimed right to avoid trial under the settlement agreement was not an important enough right to justify an immediate appeal and that "rights under private settlement agreements can be adequately vindicated on appeal from final judgment." *Id.*, 511 U.S. at 869.

[17] The Supreme Court in *Digital Equipment Corp.* discussed that the defendant asserting its right to avoid trial under the settlement agreement had the "unenviable task" of explaining why other rights that might fairly be said to include an implicit "'right to avoid trial'" aspect are less in need of protection by immediate review, or more readily vindicated on appeal from final judgment, than the claimed privately negotiated right to be free from suit. *Id.*, 511 U.S. at 875. The Supreme Court cited other examples of unreviewable interlocutory appeals by parties who also could fairly be considered to have a right to avoid trial: a party that once prevailed at trial and then pleads res judicata, a party who seeks shelter under the statute of limitations, or a party not subject to a claim on which relief could be granted. See *Digital Equipment Corp., supra*. The Court continued that to ground a ruling "on whether this settlement agreement in terms confers the prized 'right not to stand trial' (a point [the plaintiff] by no means concedes) would flout our own frequent admonitions . . . that availability of collateral order appeal must be determined at a higher level of generality." *Id.*, 511 U.S. at 876-77. The Court explained that if it granted review of the order denying enforcement of the settlement agreement in *Digital Equipment Corp.*, then "any district court order denying effect to a settlement agreement could be appealed immediately." 511 U.S. at 877. The Court therefore held that "a refusal to enforce a settlement agreement claimed to shelter a party from suit altogether does not supply the basis for immediate appeal." *Id.*, 511 U.S. at 884.

[18] In the instant case, similar to the argument advanced by the defendant in *Digital Equipment Corp., supra*, the Brashears contend that the district court's order permitting the Herman Trust's lawsuits to proceed would be effectively unreviewable on appeal from a final judgment because the tolling agreement provided them with a "right to avoid litigation during the tolling period" which will be "irretrievably lost" without an immediate appeal "to protect the benefit of the bargain under the contract." Brief for appellants at 3. The U.S. Supreme Court has instructed courts of appeals to view claims of a "'right not to be tried' with skepticism, if not a jaundiced eye." *Digital Equipment Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 873, 114 S. Ct. 1992, 128 L. Ed. 2d 842 (1994). And the mere identification of some interest that would be "'irretrievably lost'" has never sufficed to meet the third requirement of the collateral order doctrine. *Hallie Mgmt. Co. v. Perry*, 272 Neb. 81, 87, 718 N.W.2d 531, 535 (2006). Pursuant to *Hallie Mgmt. Co.*, we must balance the potential harm of delaying until final judgment appeals from orders denying enforcement of a tolling agreement, against the harm caused by the delay certain to result if interlocutory review of such orders is permitted.

[19] Unlike governmental immunity which "is based in immunity from suit and is not simply a defense against liability," *StoreVisions v. Omaha Tribe of Neb.*, 281 Neb. 238, 243-44, 795 N.W.2d 271, 277 (2011), *modified on denial of rehearing* 281 Neb. 978, 802 N.W.2d 420, a tolling agreement does not provide a party with *immunity* from suit. Tolling agreements do not extinguish a cause of action of a potential plaintiff against a potential defendant, or relieve a defendant from potential liability altogether; rather, the potential plaintiff agrees to defer litigation, typically in exchange for the defendant's agreement to extend the statutory limitations period on the plaintiff's claim. Black's Law Dictionary defines "tolling agreement" as "[a]n agreement between a potential plaintiff and a potential defendant by which the defendant agrees to extend the statutory limitations period on the plaintiff's claim, usu[ally] so that both parties will have

more time to resolve their dispute without litigation." Black's Law Dictionary 1716 (10th ed. 2014). The Brashears' argument further *presumes* that the remedy for an alleged breach of a tolling agreement is dismissal of the lawsuits. However, we note that our courts have not addressed whether dismissal would be the proper remedy for such a breach, and there is case law from other jurisdictions that have concluded dismissal is not a proper remedy. See, e.g., *Kunza v. St. Mary's Regional Health Center*, 747 N.W.2d 586 (Minn. App. 2008) (dismissal is not proper remedy for breach of agreement not to sue for limited time); *Saint Louis University v. Medtronic Nav., Inc.*, No. 4:12CV01128, 2012 WL 4049018 (E.D. Mo. Sept. 13, 2012) (memorandum opinion) (concluding that under Missouri law, appropriate remedy for breach of covenant not to sue for limited time is damages, because dismissal does not accord with rationale behind such covenants). However, we need not determine at this time what the proper remedy would be for the breach of a tolling agreement, since we conclude the collateral order doctrine does not give us jurisdiction over the present appeals.

[20] Even if we accepted the Brashears' assertion that the agreement provided them with a private right not to be sued on any cause for a limited time and that the remedy is dismissal of the prematurely filed suits, we find the private right at issue here to be similar to the settlement agreement at issue in *Digital Equipment Corp.*, 511 U.S. at 879, wherein the U.S. Supreme Court distinguished such a *privately* conferred right from a "*policy embodied in a constitutional or statutory provision* entitling a party to immunity from suit," only the latter of which is of such importance that it justifies departing from the operation of ordinary final judgment principles. (Emphasis supplied.) Further, "it is not mere avoidance of a trial, but avoidance of a trial that would imperil a substantial public interest, that counts when asking whether an order is 'effectively' unreviewable if review is to be left until later." *Will v. Hallock*, 546 U.S. 345, 353, 126 S. Ct. 952, 163 L. Ed. 2d 836 (2006). The Brashears' situation has greater similarity to, than difference from, the claims of a party that once

prevailed at trial and then pleads res judicata, a party who seeks shelter under the statute of limitations, or a party not subject to a claim on which relief could be granted, none of which are reviewable on interlocutory appeal. See *Digital Equipment Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 114 S. Ct. 1992, 128 L. Ed. 2d 842 (1994). Additionally, the Brashears' situation is much like the settlement agreement in *Digital Equipment Corp.*, and the U.S. Supreme Court held in that case that "a refusal to enforce a settlement agreement claimed to shelter a party from suit altogether does not supply the basis for immediate appeal." 511 U.S. at 884. The tolling agreement in this case seeks to avoid or delay trial against the Brashears; however, the mere avoidance of a trial in this instance does not imperil a substantial public interest that would be unreviewable later. See *Will, supra* (it is not mere avoidance of trial, but avoidance of trial that would imperil substantial public interest, that counts when asking whether order is effectively unreviewable if review is to be left until later). And although the district court's order might be called "'"effectively unreviewable"'" in the sense that relief from error cannot rewrite history, and that appellate reversal upon a final judgment might only "'imperfectly'" repair the burden to litigants, *Hallie Mgmt. Co. v. Perry*, 272 Neb. 81, 87, 718 N.W.2d 531, 535 (2006), we must nevertheless conclude that the third requirement of the collateral order doctrine has not been satisfied and that the appeals must be dismissed for lack of jurisdiction.

## CONCLUSION

The district court's order overruling the Brashears' motions to dismiss does not fall within the collateral order doctrine; accordingly, this court does not have jurisdiction over these appeals.

APPEALS DISMISSED.